**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30095 |
| Plaintiff-Appellee, | D.C. No.<br>2:13-cr-06071-SMJ-1 |
| v. | |
| MICHAEL PETER SPITZAUER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted May 12, 2017
Seattle, Washington

Before: McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

Pursuant to the motion of the United States, the district court permitted disclosure of pre-existing business records subpoenaed by the grand jury in criminal proceedings against Michael Spitzauer. We have jurisdiction over Spitzauer's appeal under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Where (1) grand jury proceedings have concluded and an indictment has issued; (2) the disclosure is sought for a legitimate purpose; and (3) the requested disclosure is for preexisting business records generated for a purpose other than the grand jury investigation, the disclosure of the requested records does not compromise the integrity of the grand jury process and does not amount to a disclosure of matters occurring before the grand jury. *See United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411–12 (9th Cir. 1993). The facts of this case fall squarely within *Dynavac*'s holding and do not present "a rare and unusual case," where learning which documents the grand jury subpoenaed would disclose information about its deliberative process. *See id.* at 1412 n.2.

**AFFIRMED**.